# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

STEVEN A. KENDRICK,        )
                                )
             Plaintiff,     )
                                )
v.                          )        Case No. CIV-17-450-KEW
                                )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,     )
                                )
             Defendant.     )

## OPINION AND ORDER

Plaintiff Steven A. Kendrick (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 51 years old at the time of the ALJ's decision. Claimant completed his high school education and training as a certified automobile technician. Claimant has worked in the past as an automobile mechanic. Claimant alleges an inability to work beginning February 7, 2014 due to limitations resulting from chronic back pain after injury and surgeries, depression, and anxiety.

## Procedural History

On July 1, 2015, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 16, 2016, Administrative Law Judge ("ALJ") James Linehan conducted an administrative hearing in McAlester, Oklahoma. On December 23, 2016, the ALJ entered an unfavorable decision. The Appeals Council denied review on November 14, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to properly weigh and improperly rejecting the opinion of his treating physician.

## Evaluation of the Opinion Evidence

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease status post fusion

at L2-3 and major motor dysfunction of the knee. (Tr. 36). The ALJ determined Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift 20 pounds occasionally and ten pounds frequently; could stand and walk for up to two hours each activity with intermittent sitting in an eight hour workday; unlimited use of feet for foot controls; occasional pushing and pulling and overhead reaching with both arms and frequent use of the hands for fingering, feeling, and handling; and occasional balancing, stooping, kneeling, crouching, crawling, with no climbing of ramps, ladders, or scaffolds. (Tr. 39).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of small product assembler, inspector packer, and cashier II, all of which the ALJ found existed in sufficient numbers in the national and regional economies. (Tr. 47). As a result, the ALJ concluded that Claimant was not under a disability from February 7, 2014 through the date of the decision. Id.

Claimant contends the ALJ improperly weighed and rejected the opinion of Dr. Larry Lewis, a treating physician. Dr. Lewis authored a medical source statement dated October 15, 2015. He concluded that Claimant could occasionally lift/carry 20 pounds; frequently lift/carry ten pounds; stand/walk less than two hours in an eight hour workday; sit for less than six hours in an eight hour

workday; must periodically alternate sitting and standing to relieve pain; and was limited in his ability to push/pull with his lower extremities. Dr. Lewis attributed the limitations to low back pain with radiculapathy to the right leg. (Tr. 570).

He also found Claimant could never climb, balance, stoop, kneel, crouch, or crawl. The foundation for this finding was "due to low back pain and bilateral knee pain." (Tr. 571).

Claimant was found to be limited in reaching, handling, fingering, and feeling. Dr. Lewis stated that Claimant had titanium plates in both arms with osteoarthritis in the right elbow. He also determined Claimant had visual limitations due to a diagnosis of hypertension. (Tr. 572).

He found Claimant was limited in hearing "due to work environment." He also determined Claimant should avoid even moderate exposure to extreme heat, wetness, humidity, and fumes an odors and should avoid all exposure to extreme cold, noise, vibration, and hazards. Dr. Lewis stated that these limitations were due to arthritis and low back pain with radiculapathy which caused Claimant's body to ache and avoiding sounds due to anxiety. (Tr. 573).

Dr. Lewis believed Claimant had medically determinable impairments for back pain and anxiety. He found Claimant had trouble with activities of daily living due to back pain, arthritis,

and anxiety. (Tr. 574).

The ALJ gave Dr. Lewis' opinions "little weight", finding he limited Claimant to light work and his requirement to alternate between sitting and standing was not consistent with the record. He found the physician's conclusions were not supported by testing and was inconsistent with the record as a whole. He then recited various findings which he believed indicated Dr. Lewis' opinion was not supported by the remainder of the record. (Tr. 44).

Claimant is correct that the ALJ's first conclusion is inaccurate. The restrictions found by Dr. Lewis implicates a finding of sedentary work, not light work. Soc. Sec. R. 83-10. The ALJ's conclusion that Dr. Lewis' opinions were not supported by the record is also suspect. Dr. Lewis' conclusions were consistent with the objective MRI of Claimant's lumbar spine in April of 2014 which revealed a small central disc protrusion with mild center thecal sac effacement at L4-5 and disc degeneration and mild retrolisthesis with a small central disc herniation at L5-S1. (Tr. 482). Claimant underwent a surgical hardware removal procedure at L2-3 with revision laminectomies and foraminotomies of his nerve roots bilaterally at L2 and L3. (Tr. 501-02).

Additionally, Dr. Chris Sudduth found Claimant had decreased back flexion to 70 degrees out of 90 degrees. He measured Claimant's back extension and lateral back flexion bilaterally was

reduced by five degrees. Claimant's neck extension was restricted to 40 degrees out of a possible 60 degrees and his neck flexion was decreased at 40 degrees when 50 degrees is normal. Claimant suffered pain with motion in the cervical and lumbar regions. He reported left knee flexion decreased by 50 degrees. Claimant's gait was notably antalgic and he had some difficulty getting up and down from Dr. Sudduth's examination table and was unable to squat and rise. Claimant's ability to heel to toe walk was weak and he had positive straight leg raising testing bilaterally at 20 degrees in both the sitting and supine positions. (Tr. 669-78).

In testing by Dr. James Jang, Claimant experienced tenderness and decreased range of motion in his left foot, right knee, and lumbar spinal area. (Tr. 689-91). Later, he demonstrated decreased range of motion and tenderness in both feet. (Tr. 711-12).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the

opinion is deficient in either of these respects, then it is not entitled to controlling weight." <u>Id</u>.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." <u>Id</u>. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. <u>Id</u>. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's basis for giving Dr. Lewis' opinion reduced weight is wanting. Substantial evidence exists which supported his findings of limitation. As a result, the ALJ failed to give supported, specific, and legitimate reasons for rejecting the opinion and giving it less than controlling weight. On remand, the ALJ shall properly consider Dr. Lewis' opinion in light of the entire record. He shall not pick and choose from the evidence, selecting only the evidence from the record which does not support Dr. Lewis' findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 19th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE