IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN A. KENDRICK, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>   Defendant. ) | Case No. CIV-17-450-KEW |

**OPINION AND ORDER**

  This matter comes before the Court on Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)(Docket Entry #19). On March 19, 2019, this Court entered an Opinion and Order and associated judgment reversing and remanding the decision of the Social Security Administration to deny disability insurance benefits under Title II (42 U.S.C. ' 401, *et seq.*) of the Social Security Act. In particular, this Court determined that the Administrative Law Judge ("ALJ") (1) misinterpreted the opinion of Dr. Larry Lewis, Claimant's treating physician; (2) failed to provide sufficient basis to diminish the weight given to Dr. Lewis' opinion as a treating physician.

  In the subject Motion, Defendant contends that this Court

1

"misapplied the substantial evidence standard of review" and that the ALJ provided "specific and legitimate reasons" for rejecting Dr. Lewis' opinion. "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Hayes Family Tr. v. State Farm Fire & Cas. Co., 845 F.3d 997, 1004 (10th Cir. 2017) quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Certainly, the first two bases are not applicable to the circumstances in this case; therefore, this Court focuses solely on the third basis.

The current state of the law requires that, before an ALJ can reject the opinion of a treating physician or give it less than controlling weight, he must proceed through a well-established evaluation as set forth in Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). This Court found that the ALJ failed to properly evaluate Dr. Lewis' opinion and that his conclusions regarding that opinion were erroneous and not supported by substantial evidence. Defendant seeks no more than to have this Court revisit the analysis provided in the March 19, 2019 Opinion

2

and Order and come to a different conclusion. This Court stands on the prior decision reversing the ALJ's decision and remanding for further consideration. No clear error is found requiring correction.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket Entry #19) is hereby **DENIED**.

IT IS FURTHER ORDERED that Defendant file a substantive response to Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #18) no later than **JULY 17, 2020** per the agreement of the parties.

IT IS SO ORDERED this 19th day of May, 2020.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma