\#          **IN THE UNITED STATES DISTRICT COURT FOR THE**
           **EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVEN A. KENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-450-KEW |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #18) and Plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #35). By Opinion and Order entered March 19, 2019, this Court reversed the decision of the Commissioner to deny Claimant's application for disability insurance benefits under Title II of the Social Security Act and remanded the case for further proceedings.

After Claimant filed his initial Application for attorney's fees, the Commissioner filed a Motion to Alter Order/Judgment. *See* Docket Entry #19. A ruling on Claimant's initial Application was held in abeyance pending the Court's ruling on the Commissioner's Motion. *See* Docket Entry #26. The Court denied the Motion to Alter/Amend Judgment and requested the Commissioner file a substantive response to Claimant's Application. *See* Docket Entry

#33. Claimant then filed his Supplemental Application, which the Commissioner agrees includes the total amount of attorney's fees and costs Claimant seeks under the Equal Access to Justice Act ("EAJA"). The Commissioner then filed his response to the Supplemental Application and Claimant filed a reply.

In the Supplemental Application, Claimant seeks attorney's fees for 38 hours of time expended by his attorney at the stipulated fee rate and 1.7 hours in paralegal time for a total request of $7,856.10 under the authority of EAJA. Claimant also seeks reimbursement of costs in the amount of $400.00. The Commissioner contests the award of EAJA fees, contending his position in the underlying case was substantially justified. He does not challenge the reasonableness of the fees requested by Claimant in the Supplemental Fee Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that his position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if

his position is incorrect, his case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that his position had a reasonable basis in law and fact and was substantially justified, as the ALJ provided good reasons for the weight he assigned to the opinion of Claimant's treating physician Dr. Larry Lewis based upon the evidence of record. As stated in this Court's Opinion and Order, the ALJ assigned "little weight" to Dr. Lewis' opinions, finding they were unsupported by testing and inconsistent with the record. However, as pointed out by the Court and discussed in detail, substantial evidence in the record supported Dr. Lewis' opinions, and the ALJ's failure to consider that evidence resulted in the ALJ's failure to "give supported, specific, and legitimate reasons for rejecting the opinion and

giving it less than controlling weight." Thus, this Court cannot conclude that the ALJ's position in this regard is substantially justified.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #18) is hereby deemed **MOOT**. Plaintiff's Supplemental Application for Award of Attorney's Fees (Docket Entry #35) is hereby **GRANTED** and the Government is ordered to pay Claimant's attorney's fees in the total amount of $7,856.10 and costs in the amount of $400.00.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 2nd day of June, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE